UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SAVINO DAVID DESANTIAGO, | Case No. 6:22-cv-01537-MK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MARIA ANN SIMMONS; RICHARD WESENBERG; DONALD SCALES; ALLISON EICHMAN, | |
| Defendants. | |

AIKEN, District Judge.

Petitioner, a pretrial detainee at the Douglas County Jail, files a "Writ of Prohibition and Writ of Mandamus" and applies for leave to proceed in forma pauperis (IFP). This action was referred to the undersigned for resolution, and petitioner's IFP application is granted. However, this Court cannot grant the relief petitioner seeks, and this action is dismissed.

1   - OPINION AND ORDER

DISCUSSION

Petitioner is the defendant in a state criminal prosecution pending in Douglas County. Petitioner claims that the judge is biased against him and his counsel has provided ineffective assistance. In his Writ, petitioner seeks removal of his criminal proceeding to this Court, or alternatively, an order reversing the decisions of the state court judge. Petitioner provides no grounds for removal and this Court cannot directly review the decisions of a state court judge.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, only under narrow and limited circumstances may a defendant remove criminal prosecutions to federal court. First, an officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces subject to criminal prosecution may remove such an action if it arises from acts done under color of such office or status. *See* 28 U.S.C. §§ 1442(a), 1442a. Petitioner is not a federal officer being prosecuted for acts performed under color of federal authority.

Second, a defendant may remove a criminal prosecution to federal court if he seeks to assert a defense based on federal laws protecting equal racial civil rights and cannot do so due to a state statute or constitutional provision that purports to command the state courts to ignore the federal right. 28 U.S.C. § 1443; *see City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966); *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). Petitioner does not claim that a specific Oregon law compels the state court to disregard a right of racial equality guaranteed by federal law. Instead, petitioner disagrees with the evidentiary rulings of the state court judge, disputes the evidence against him, and complains about the performance of his counsel. Petitioner's reference to alleged constitutional violations is insufficient to warrant removal. *See*

*People of the State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam) (stating that "broad protections of the First and Fourteenth Amendments…are not within the coverage of section 1443"); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)").

To the extent petitioner seeks federal review of the state court's evidentiary rulings, petitioner's claim is barred by the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over cases that directly challenge a state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). Thus, petitioner cannot challenge the rulings of the state court in this action.

Finally, petitioner does not present extraordinary circumstances to warrant federal intervention in a state criminal proceeding. *See Younger v. Harris,* 401 U.S. 37 (1971).

## CONCLUSION

Petitioner's Application for Leave to Proceed IFP (ECF No. 3) is GRANTED. However, petitioner fails to establish a basis for removal jurisdiction or other relief, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this  7th  day of December, 2022.

                                          /s/Ann Aiken
                                          ANN AIKEN
                                    United States District Judge